**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0396-19T2

STATE OF NEW JERSEY,

    Plaintiff-Appellant,

v.

VINCENT L. DIXON,

    Defendant-Respondent.

_____

Submitted March 16, 2020 – Decided April 30, 2020

Before Judges Sumners and Natali.

On appeal from an interlocutory order of the Superior Court of New Jersey, Law Division, Middlesex County, Indictment No. 18-05-0840.

Gurbir S. Grewal, Attorney General, attorney for appellant (Daniel Ian Bornstein, Assistant Attorney General, of counsel and on the briefs).

Joseph E. Krakora, Public Defender, attorney for respondent (Ravi P. Shah, Assistant Deputy Public Defender, on the brief).

PER CURIAM

On leave granted, the State requests we overturn the trial court's order to suppress drugs found in a warrantless search of defendant's car following a roadside stop. Before us, the State makes the single-point argument:

> THE TRIAL JUDGE COMMITTED LEGAL ERROR IN SUPPRESSING EVIDENCE THAT WAS LAWFULLY SEIZED DURING A CONSTITUTIONALLY PERMISSIBLE SEARCH UNDER THE AUTOMOBILE EXCEPTION TO THE SEARCH WARRANT REQUIREMENT.

We conclude the automobile exception to a warrant requirement did not apply to the warrantless search. A warrant to search defendant's car was necessary under State v. Witt, 223 N.J. 409 (2105), despite a drug-sniffing canine's "hit" that drugs were in the car. The search for drugs was not unforeseeable and spontaneous because defendant was under police surveillance for distribution of drugs when his car was stopped, and the police had reason to believe drugs were in the car. We therefore affirm.

I

The suppression hearing revealed the following uncontroverted testimony of the events culminating in the warrantless search of defendant's car. On November 29, 2017, acting on a tip from a reliable confidential informant,

A-0396-19T2

Edison Police Detective Michael Carullo along with fellow Detective Sorber[1] conducted surveillance of an Edison industrial park where they suspected drugs were being sold to warehouse employees. The detectives observed defendant: drive up to the warehouse, pick up a man wearing a warehouse uniform who had been pacing outside the warehouse for several minutes prior to defendant's arrival, and drive him for a short three-minute ride before dropping him back off at the warehouse. The detectives remained at their surveillance location during the pick-up and drop-off.

Combined with the informant's tip and his training and experience with drug-related activity, Carullo believed the observed rendezvous was a drug sale. To confirm his suspicion, Carullo radioed fellow Edison police officers to stop defendant's car, then he and Sorber joined the stop moments thereafter. Carullo's subsequent questioning of defendant, who had been removed from the vehicle and handcuffed by the other officers, led him to conclude defendant lied when claiming to have stopped at the warehouse to apply for a job and then gave someone a ride to a convenience store to buy cigarettes.[2] After defendant

---

[1] Detective Sorber's first name is not disclosed in the record.

[2] Carullo testified defendant never got out of the car, and being familiar with the area's traffic conditions, he was certain defendant's short three-minute drive was not enough time to go to a nearby store to make a purchase.

A-0396-19T2

refused to give consent to search his car, a call was made to have a drug-sniffing canine come to the scene.

About twenty-minutes after the stop was initiated, the canine arrived and made a positive hit that drugs were in the car. Apparently, uncertain whether a warrantless search of the car should be effectuated but acknowledging it would have been easy to apply for a search warrant, Carullo revealed he sought direction from the Middlesex Prosecutor's Office. After an Assistant Prosecutor on duty advised him there was no need for a warrant, a search of the car uncovered crack cocaine and heroin, plus Xanax and Clonazepam pills, which led to defendant's indictment for various drug offenses.

The motion judge granted defendant's motion to suppress the drugs. In his oral decision, the judge relied upon the reasoning articulated in State v. Nelson, 237 N.J. 540 (2019) and State v. Dunbar, 229 N.J. 521 (2017), which the judge recognized did not specifically address the automobile exception to warrantless searches. The judge determined the State had reasonable articulable suspicion to stop defendant's vehicle based on Carullo's "very credible" testimony that defendant sold drugs to the warehouse employee he picked up and dropped back off at the warehouse. Nevertheless, the judge rejected the State's claim that the warrantless search fell within the automobile exception.

A-0396-19T2

The judge reasoned "the whole purpose of the stop was to investigate . . . [suspected] drug activity," thus probable cause that there were drugs in the car was "not spontaneous or unforeseeable, it was rather predictable based on the [canine's] sniff." The judge further found the search problematic because there were no exigent circumstances demonstrating "some identifiable risk either to the safety to the officers, or to the destruction of evidence." Thus, a search warrant should have been sought, which "more likely than not would have been obtained."

II

In its merits brief, the State initially contends the motion judge's ruling was procedurally flawed because defendant only challenged the constitutionality of the roadside stop and detention, and the judge "should not have even considered the constitutionality of the search . . . ." The State thus posits "any argument pertaining to the constitutionality of the search was not properly preserved in [defendant's] motion and should be waived." Citing Witt, 223 N.J. at 418-19, the State contends had it been aware the actual search was under scrutiny, it would have been on notice to create an adequate record on the issue and argued the discovery of the drugs would have been inevitable. We discern no merit to this contention.

A-0396-19T2

The State's reliance on Witt is misplaced. There, the Court rejected the defendant's challenge to a roadside stop because the defendant raised the contention for the first time on appeal and "the State was deprived of the opportunity to establish a record that might have resolved the issue through a few questions to" the investigating police officer. Id. at 419. Underscoring without a trial record, the Court acknowledged the long-standing principle that appellate review is impeded under such circumstances. Ibid. (citing State v. Robinson, 200 N.J. 1, 20 (2009)).

Here, despite defendant's failure to specifically raise the issue of the search in its motion to suppress before the court, the motion record addresses the issue. The State, being fully aware of its burden to establish the warrantless search and seizure was justified under the circumstances, State v. Mann, 203 N.J. 328, 337-38 (2010), through Carullo's testimony and its argument – without the judge's inquiry – contended the search was constitutional under the automobile exception. After the State asserted there was reasonable suspicion to effectuate a motor vehicle stop, Carullo's "first hurdle," it argued the "next hurdle" was whether the automobile exception applied to conduct a warrantless search. The State maintained after consent to search was not obtained, the

canine sniff led to a hit there were drugs in a car, where upon an Assistant Prosecutor counseled Carullo a warrant was not necessary to search the car.

Further, during the suppression hearing, the State cited case law – in particular Witt – to support its position, and at no point before or after the judge's oral decision, did it indicate it was not on notice to present testimony or be prepared to address the automobile search issue. Simply put, the State addressed all legitimate factual and legal issues arising from its warrantless search. It cannot now claim foul by the motion judge on appeal.

III

Turning to the substantive issue of this appeal, the State contends, under Witt, the warrantless search of defendant's car was a proper application of the automobile exception. Based upon our interpretation of Witt, and its application that has since developed, most notably, State v. Rodriguez, 459 N.J. Super. 13 (App. Div. 2019), we disagree.

Because the facts are not in dispute and the State argues the motion judge misapplied the law, we examine this legal issue de novo. See State v. Gamble, 218 N.J. 412, 425 (2014). Hence, we need not consider whether the judge's factual findings were supported by the record. See Rowe v. Mazel Thirty, LLC,

209 N.J. 35, 50 (2012) (citing Gilhooley v. Cty. of Union, 164 N.J. 533, 545 (2000)).

The legal issue here is whether the automobile exception to the Fourth Amendment's warrant requirement applies. It is well-established that the Fourth Amendment of the United States Constitution and Article I, Paragraph 7 of the New Jersey Constitution, require police to obtain warrants before making searches and seizures. Yet, judicially recognized exceptions to the warrant requirement allow the State to show that a warrantless search was justified. State v. Pineiro, 181 N.J. 13, 19 (2004). One such exception is the automobile exception.

In Witt, the Court "announced . . . a sharp departure from a more narrow construction of the automobile exception." Rodriguez, 459 N.J. Super. at 21. As Rodriguez explains, the Witt decision observed the "multi-factor exigent circumstances test" of prior case law was "difficult to apply with consistency, particularly for law enforcement officers on patrol, and placed upon them 'unrealistic and impracticable burdens.'" Ibid. (citing Witt, 223 N.J. at 414-15). The Witt Court restated the test to authorize automobile searches where "(1) the police have probable cause to believe the vehicle contains evidence of a criminal offense; and (2) the circumstances giving rise to probable cause are

unforeseeable and spontaneous." Id. at 22 (citing Witt, 223 N.J. at 447-48). Thus, Witt readopted a bright-line rule "affording police officers at the scene the discretion to choose between searching the vehicle immediately if they spontaneously have probable cause to do so, or to have the vehicle removed and impounded and seek a search warrant later." Id. at 24 (emphasis added).

Applying the Witt test, this warrantless automobile search does not pass constitutional muster. We start by recognizing there was reasonable suspicion for an investigatory stop of defendant's car based on the confidential informant's tip and defendant's picking up the waiting warehouse employee and dropping him back off three-minutes later. As did the motion judge, we take no issue with Carullo's assessment, based upon his experience and training, that drugs had just been sold. After defendant's consent to search the car was not obtained, Carullo lawfully requested the trained canine, whose hit indicated drugs were in the car, thereby establishing probable cause. See Dunbar, 229 N.J. at 538 (holding a canine sniff "does not transform an otherwise lawful seizure into a search that triggers constitutional protections"). The warrantless search then ensued.

The circumstances, however, giving rise to probable cause to search defendant's car were not "unforeseeable and spontaneous" as required by Witt to validate a warrantless search. Defendant's car was pulled over by officers

after Carullo radioed a description of defendant and his car with the direction to stop him because they believed he had just sold drugs. This investigatory stop was based on surveillance of the warehouse that was initiated by the confidential informant's tip. Stopping defendant's car was not based on some traffic violation, which then led to probable cause to conduct a warrantless search. See Rodriguez, 459 N.J. Super. at 15, 25-26. The pursuit, car stop, and canine sniff were solely based on Carullo and Sorber's beliefs that defendant had drugs in his car. Under Witt, the automobile exception to a warrantless search of defendant's car does not apply as their goal was a clear and deliberate effort to uncover drugs. There was nothing spontaneous about the decision to search defendant's car. A search warrant should have been sought, and it is not speculative to state, it would have been granted under these circumstances.

The State's reliance on State v. Gonzales, 227 N.J. 77 (2016) is misplaced. The State argues Gonzales applied the automobile exception where the police conducted a warrantless search after a lengthy wiretap investigation led them to suspect the defendant had drugs in his car intended to be sold. 227 N.J. at 82-86. In Gonzales, the automobile exception was applied in combination with the plain view exception because the drugs were observed in the car. Id. 104. The Court recognized:

> In <u>Witt</u>, . . . we specifically noted that, in the case of a car suspected of containing drugs parked in a driveway, "if the circumstances giving rise to probable cause were foreseeable and not spontaneous, the warrant requirement applies." 223 N.J. at 448 . . . . In short, when the police have sufficient time to secure a warrant, they must do so.
>
> [<u>Gonzales</u>, 227 N.J. at 104-05.]

The record here indicates insufficient time was not the reason a search warrant was not obtained. Carullo admitted he could have easily obtained a search warrant but deferred to the Assistant Prosecutor's guidance. Based on our analysis, he was wrongly advised he did not need to secure a search warrant. Under <u>Witt</u> and <u>Rodriguez</u>, the warrantless roadside search of defendant's car was unconstitutional.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-0396-19T2